IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COREY SPRINGFIELD                                                                           PLAINTIFF

vs.                                            Civil No. 4:20-cv-04021

COMMISSIONER, SOCIAL                                                                        DEFENDANT
SECURITY ADMINISTRATION

**<u>MEMORANDUM OPINION</u>**

Corey Springfield ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **<u>Background:</u>**

Plaintiff protectively filed his disability application on June 16, 2016.  (Tr. 12, 54).  In his application, Plaintiff alleges being disabled due to severe spinal stenosis, cervical spine myelopathy, no feeling and little function in hands and feet, attention deficit hyperactivity disorder

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

("ADHD"), and prostate and bowl conditions due to spinal stenosis. (Tr. 54-55). Plaintiff alleges an onset date of May 11, 2016. (Tr. 55). This application was denied initially and again upon reconsideration. (Tr. 54-80, 83-86).

On February 15, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 87-102). After the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-26). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 11, 2016, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease. (Tr. 14, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. (Tr. 15, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-19, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the individual requires the use of a cane for ambulation.

*Id.*

The ALJ found Plaintiff was forty-five (45) years old which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c). (Tr. 19, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 19, Finding 8).

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW. (Tr. 19, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19, Finding 10). Plaintiff and the Vocational Expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 46-53). Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform work as an addressing clerk, with 81,300 jobs nationally, surveillance systems monitor, with 113,020 jobs nationally, and charge account clerk, with 192,360 jobs nationally. (Tr. 19-20, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 11, 2016, through the date of her decision or through May 30, 2019. (Tr. 20, Finding 11).

Plaintiff requested the Appeals Council review of the ALJ unfavorable disability determination. On February 22, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On March 19, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 19, 2020. ECF No. 5. Both Parties have filed their appeal briefs and this matter is now ripe for consideration. ECF Nos. 13, 14.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following two arguments for reversal: (A) the ALJ erred in assessing his RFC; and (B) the ALJ gave improper weight to the opinion of his treating physicians. ECF No. 13. The Court will address both of these arguments.

### A. Relevant Period

Plaintiff filed an application for DIB and is insured for DIB until December 31, 2021. (Tr. 14. Finding 1). A claimant must show he became disabled during the period in which he met the DIB requirements in order to be entitled to benefits. *See Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001). To qualify for DIB, the Plaintiff was required to prove he was disabled prior to the expiration of his insured status. *See Dipple v. Astrue*, 601 F.3d 833, 834 (8th Cir. 2010). Thus, the relevant period is from Plaintiff's alleged onset date, May 11, 2016, through December 31, 2021, his date last insured.

### B. RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 13 at 2-15. Specifically, Plaintiff claims the ALJ's RFC assessment does not account for the numbness of his hands and feet related to his spinal cord damage which prohibits work at the light exertional level. *Id*.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ should determine a

claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). A claimant's RFC is "ultimately an administrative determination reserved to the Commissioner." *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (quoting *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform light work except he requires the use of a cane for ambulation. (Tr. 16. Finding 5). In her decision, the ALJ considered medical record evidence before and during the relevant period. (Tr. 16-20). Plaintiff asserts the ALJ never addressed his weakened grip strength, numbness of the hands and feet, and chronic narcotic use with side effects. ECF No. 13., p. 4. However, the ALJ did discuss Plaintiff's visit in February 2017 with neurologist, Meghan Harris, M.D., where Plaintiff was seen for back and neck pain. (Tr. 17, 623-626). Specifically, the ALJ noted, that upon examination, Plaintiff failed tandem gait, had decreased, reflexes, and decreased pinprick to feet. (Tr. 17, 624). Additionally,

6

the ALJ acknowledged how Dr. Harris opined Plaintiff had no improvement since his surgery and continued to have mild to severe low back pain despite taking pain medicine. *Id*. Moreover, the ALJ discussed another visit to Dr. Harris in November 2017, where Plaintiff stated he no longer drove due to neck pain and numbness in his hands and feet. (Tr. 17, 627). It was also noted during the visit Plaintiff had an unsteady gait, four out of five motor strength, and decreased coordination. (Tr. 17, 629). The ALJ also discussed testimony from the hearing where Plaintiff stated which medications he was taking and manifested side effects such as drowsiness. (Tr. 17, 37-40).

Plaintiff further argues the ALJ ignored the opinions of Plaintiff's treating physicians, and the opinion of the vocational expert's interrogatories in determining Plaintiff's RFC. ECF No. 13., p. 13-14. Again, the ALJ considered evidence before and during the relevant period including, opinion evidence from Plaintiff's treating physicians, non-examining state agency consultants, third-party statements from Plaintiff's family members, and testimony from the VE in determining Plaintiff's RFC. (Tr. 16-20).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 591 (8th Cir. 2004)). Based on the medical evidence presented, substantial evidence supports the ALJ's RFC determination. This Court finds the ALJ's RFC determination should be affirmed.

### C. Weight of Treating Physician

Plaintiff claims the ALJ gave improper weight to the opinion of his treating physicians. ECF No. 13 at 15-18. Specifically, Plaintiff argues the ALJ failed to give proper weight to the opinion of his neurosurgeon and treating physician. *Id*. Because Plaintiff's claim was filed before March 27, 2017, the rules for evaluating opinion evidence are set forth by 20 C.F.R. § 404.1527. *See* 20 C.F.R. § 404.1527(a)-(f) (2017). "The opinion of a treating physician is accorded special

deference under the social security regulations." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (quoting 20 C.F.R. § 404.1527(c)(2). However, "a statement by a medical source that a claimant is disabled does not necessarily mean the Commissioner will find the claimant disabled." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).

In the present case, when determining Plaintiff could perform light work with limitations, the ALJ considered the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set fort the reasons for the weight given to the opinions.

Plaintiff cites an October 9, 2014, pre-operative report where he was seen for a consultation evaluation regarding severe arm pain, neck pain, shoulder pain, hand numbness, and weakness. ECF No. 13, p. 15; (Tr. 535). At this visit, neurosurgeon Marc A. Smith, M.D., recommended surgical decompression. (Tr. 536). Plaintiff returned to Dr. Smith on January 17, 2015, for a post-operative visit where Dr. Smith stated the only thing that needed to fuse was the top of Plaintiff's C6-7. (Tr. 525). Dr. Smith concluded the rest of Plaintiff's neck was fusing nicely, his hardware was in good alignment, and there were no signs of loosening or fracture. *Id*. Plaintiff claims the ALJ was incorrect in stating Plaintiff returned to Dr. Smith in February 2017 after a two-year long hiatus. ECF No. 13., p. 15. However, contrary to Plaintiff's assertion, the ALJ stated Dr. Harris saw Plaintiff in February 2017 after a long hiatus, not Dr. Smith. (Tr. 18). Plaintiff also claimed Dr. Harris saw Plaintiff for the first time in 2017 and ultimately referred him to James B. Weedman, M.D., for pain management. ECF No. 13, p. 15. However, Dr. Harris treated Plaintiff in 2014, before the relevant period and before Plaintiff's surgery. (Tr. 631-633, 635).

The ALJ found Dr. Harris based her opinion largely on Plaintiff's subjective complaints and not objective evidence. (Tr. 18). Specifically, Dr. Harris suspected Plaintiff had cord damage; however, the ALJ noted lumbar and cervical spine x-rays from a 2016 consultative exam showed no significant deficits. (Tr. 18, 339-342). In fact, Cecil W. Cupp, M.D., found satisfactory post-operative appearance of Plaintiff's cervical spine. (Tr. 339). Some degenerative narrowing of Plaintiff's C3-4 disc was incidentally seen, however, there were no acute findings. *Id*. Imaging of Plaintiff's lumbar spine revealed mild spondylolisthesis and anterior subluxation at his L5 on S1 with bilateral pars interarticularis defects. (Tr. 341). There was mild degenerative disc and facet degenerative changes, slight old T12 and L1 compression deformities, however, there were no acute findings. *Id*. In weighing the evidence, the ALJ ultimately gave Dr. Harris's opinion little weight and gave good reasons for doing so. (Tr. 17-18).

The ALJ afforded Plaintiff's pain treatment specialist Dr. Weedman's opinion little weight because she concluded it was inconsistent with Dr. Weedman's examinations and appeared to overstate Plaintiff's restrictions. (Tr. 18). While the ALJ noted Dr. Weedman prescribed Plaintiff a cane, she concluded the totality of the evidence, including Dr. Weedman's notes, did not support the need for a cane or the restrictions offered by Dr. Weedman. *Id*.

Upon review, the Court finds Plaintiff's argument is without merit. Indeed, as stated above, the ALJ fully evaluated Plaintiff's medical records, including the opinions from his treating physicians, other sources, and non-examining state agency consultants. (Tr. 16-19). Accordingly, the ALJ did not err in her consideration of Dr. Weedman's and Dr. Harris's medical opinions, and the RFC is supported by substantial evidence.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE